Henderson, Chief-Justice,
dissenliente. — Seals were properly emblems impressed on wax, or some material susceptible of receiving and retaining an impression.— In this State, from necessity or from some accidental cause, our forefathers early adopted as a seal, or in lien of one, a scrawl; and our Courts have for a long period given to it all the efficacy of a seal; in fact have considered it as a seal. In Virginia it is considered a seal, if in the writing it appears, (hat the parties so called or so understood it; as “witness my hand and seal.” In our State no such rule has been established. It is sufficient if a scrawl appears,whereif(herehadbeenaseal, itwould have been affixed.- It is also true (hat many parties may adopt the same seal. (Ball v. Dunstervill.) But as each ordinarily seals with his own or proper seal, and prima facie, when there is hut one it is the seal ofhirn only who madeit, such adoption is matter of proof, and may be inferred from some expressions in the writing, or proved by something dehors the instrument — in other words, as theques-tioo of sealing is matter of fact, it must be proven. If there is a seal, and but one obligor or grantor or person bound, if it is the seal of any one, it is the seal of him *495 who appears to be the obligor, grantor or person bound. But if there are snore parties bound or to be bound than 1 one, and there is but one seal, without farther proof it is hot the seal of both, but of him only whose it is proven to be, either by its location or other proofs. For one party may be bound by writing under seali and the other by parol •, that is, by writing not under seal. In the present case there is but one seal. It may be the seal of .either, or of both. Its locality would make it the seal of the Plaintiff alone, as there is no other seal, for his name is written nearest to it, and immediately under it. In the absence of all proof, either upon the writing or by parol, I think it must be taken to be the seal of him alone. But I am inclined to think, that the paper itself affords such proof. It begins “ this indenture.” Now it is true, that it is not calling a paper an indenture which makes it one, but its actual indentation. Yet the appellation given to it by the parties must certainly have an operation, so far as to show, not what the parties actually did, but what they ¡atended to do. But I do not mean that this would be conclusive, for there may be other marks to control the operation of the name even as to the intent. Now an indenture is a deed of two or more parties. Each must seal to make it the deed of each party; nor will the ^ mistake of the ' parties in calling it an indenture, without indentation, induce a conclusion, that they were also ignorant that it required tiie sealing of each to make it an indenture. For it would be going too far to conclude, that if they were ignorant of any one thing which constituted ari indenture, they were ignorant of every thing relating thereto. But their ignorance shokld be conñned. to such things as it is apparent they were ignorant of, and to give to other words their ordinary signification. I therefore think, that in this case there was sufficient in the writing to induce the Court to say that both par- *496 tjeS adopted one and the same seal, and that it is the deed of both.
Per Curiam. — Let the judgment below be reversed, and a new trial awarded.